IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BENJAMIN EDWARD FORCE,

              Plaintiff,

v.

MICHAEL JOSEPH KAHLER, DESHAUN
SUMMERSET, NATHAN BELZ, NATHAN
SCHULER, LACEY MAYAVASKI, MARK THOMS,
CURTIS JOHNSON, RAQUEL STACKEY, TAMARA
MARK, DEREK WELLS, YVONNE JOHNSON, BRIAN
NORDQUIST, GABE HUTTON, CHARLES DYKES,
NEIL JOHNSON, KRISTEN ANDERSON, AARON
PRASCHAK, KYLE UMENTUM, MARKETA RESONG
and JILL MILLER,

              Defendants.

OPINION AND ORDER

19-cv-11-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Benjamin Force is proceeding on a claim that defendants, who are all officers at the St. Croix County jail, violated his constitutional rights by failing to respond reasonably to his requests for psychological services between March 2 and 5, 2015, which resulted in his attempting to harm himself on March 13, 2015. Before the court is defendants' motion for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies. Dkt. #21. For the reasons set out below, I am granting the motion for summary judgment and dismissing this case.

OPINION

Under the Prison Litigation Reform Act, prisoners must exhaust all available

1

administrative remedies before filing a lawsuit in federal court about prison conditions. 42 U.S.C. § 1997e(a). To comply with 1997e(a), a prisoner must take each step within the administrative process, Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025. Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendants. Davis v. Mason, 881 F.3d 982, 985 (7th Cir. 2018).

To exhaust administrative remedies at the St. Croix County jail, inmates must follow the inmate grievance process set forth in the inmate handbook, which is provided to each inmate at the jail at the time of booking. Dkt. #23-1. The process requires inmates to complete a grievance on the "kiosk" within 24 hours of the incident. Id. Defendants have presented evidence, which plaintiff does not dispute, that he did not file a grievance against anyone regarding his failure to receive mental health treatment in March 2015. Dkt. #23-3. Rather, plaintiff argues that it "was not possible" for him to file a grievance within 24 hours because he has no recollection of anything that occurred during the six months following his attempted suicide, which caused him brain damage. He also suggests that he was under the influence of drugs and alcohol at the time of booking and does not recall what occurred at that time. Plaintiff's allegations are not persuasive.

As defendants point out, even if plaintiff suffered brain damage after his suicide

2

attempt on March 13, 2015, he does not allege that defendants violated his constitutional rights at any time on or after March 13, 2015. Therefore, plaintiff could have, and should have, complied with the jail's grievance process at any time between March 3 and 6, 2015, when he allegedly was being denied services. Although plaintiff suggests that he did not know about the grievance process because he was under the influence of drugs and alcohol at the time of booking, jail records show that plaintiff used the grievance kiosk system to submit two unrelated requests on March 4, 2015—one requesting socks and underwear and another requesting a haircut. Dkt. #23-2 at 1-2. Therefore, I conclude that defendants have proven that plaintiff failed to exhaust his administrative remedies with respect to his claims against them. Accordingly, I will dismiss plaintiff's complaint and close this case.

ORDER

IT IS ORDERED that defendants' motion for summary judgment, dkt. #21, is GRANTED. Plaintiff Benjamin Edward Force's complaint is DISMISSED without prejudice for plaintiff's failure to exhaust his administrative remedies.

Entered this 18th day of November, 2019.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge